990 F.2d 1377
 301 U.S.App.D.C. 107
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
James Otis BROWN, a/k/a Steven Brown, Appellant.
 No. 92-3018.
 United States Court of Appeals, District of Columbia Circuit.
 March 30, 1993.
Rehearing and Rehearing En Banc
Denied June 16, 1993.
 
 Before GINSBURG, WILLIAMS, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court is hereby affirmed. We find no merit in appellant's Fourth Amendment claim. Diminished expectations of privacy permit the warrantless search of an automobile based on probable cause, even if there is no danger of the automobile's being moved. See California v. Acevedo, 111 S.Ct. 1982, 1991 (1991); United States v. Six Hundred Thirty-Nine Thousand Five Hundred and Fifty-Eight Dollars in United States Currency, 955 F.2d 712, 717-18 & n. 9 (D.C.Cir.1992). Given appellant's sister's statements to the officers that appellant had been in her apartment threatening her with a gun, that he left and returned shortly thereafter, and the facts that no gun was found on appellant or in the apartment and that the police knew appellant had a car parked nearby, the police had probable cause to believe that appellant's car would contain evidence. We also reject appellant's claim that there was insufficient evidence of his possession of the drugs discovered in his car. A rational juror could conclude from appellant's ownership of the car, the discovery of the car keys on appellant's person, and appellant's false exculpatory statements to police, that he constructively possessed the drugs. See United States v. Gibbs, 904 F.2d 52, 57 (D.C.Cir.1990); United States v. Zabalaga, 834 F.2d 1062, 1065 (D.C.Cir.1987). It is
 
 
 3
 FURTHER ORDERED, by this Court, that the Clerk shall withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b).